UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

William Richard Iverson,

Petitioner,

vs. ORDER

Warden Dingle, State of Minnesota,

Respondents. Civ. No. 02-340 (DSD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 26th day of February, 2002.

* * *

The Petitioner has filed a Petition for a Writ of Habeas Corpus which claims that he is being illegally detained by the Respondent for reasons which are violative of his rights under the Constitution, laws or treaties of the United States. The Petitioner has also applied to proceed in forma pauperis, thereby waiving the $5.00 statutory filing fee.[1] We have reviewed the Petitioner's Application, and we find that he is entitled to proceed in forma pauperis.[2]

---

[1]The Petitioner has further moved to be appointed counsel, although we will not rule on that Motion until the Respondents have informed us about the Petitioner's current mental status.

[2]The Prison Litigation Reform Act, Title 28 U.S.C. §1915(a)(2) and (b)(1), which requires prisoners to pay their full filing

FILED FEB 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK mb

(6)

NOW, THEREFORE, It is --

ORDERED:

1. That the Petitioner's Application to Proceed In Forma Pauperis [Docket No. 4] is GRANTED.

2. That the Respondents are directed to informed the Court, within 5 days from the date of this Order, about the Petitioner's current mental status, as he claims that he has been mentally committed, and consequently requests appointment of counsel. The Court will then rule on the Petitioner's Motion for Appointment of Counsel at that time.

---

fees, does not apply to habeas corpus petitions, for which in forma pauperis relief remains fully available for qualified applicants. See, Malave v. Hedrick, 2001 WL 1355593 at *1 (8th Cir. November 6, 2001) [unpublished decision]; Sonnier v. Johnson, 161 F.3d 941, 943 (5th Cir. 1998); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998); In re Phillips, 133 F.3d 770, 770-71 (10th Cir. 1998); Martin v. Bissonette, 118 F.3d 871, 874 (1st Cir. 1997); Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997); Smith v. Angelone, 111 F.3d 1126, 1131 (4th Cir. 1997); Anderson v. Singletary, 111 F.3d 801 (11th Cir. 1997); Naddi v. Hill, 106 F.3d 275, 277 (9th Cir. 1997); Santana v. United States, 98 F.3d 752, 755-56 (3rd Cir. 1996); Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996); Reyes v. Keane, 90 F.3d 676, 678 (2nd Cir. 1996). The habeas action is a unique creature that, as the Courts have uniformly found, does not fit within the term "civil actions" to which the PLRA applies. Cf., Harris v. Nelson, 394 U.S. 286, 293-94 (1969)("Essentially, the proceeding is unique," and "Habeas corpus practice in the federal courts has conformed with civil practice only in a general sense.").

3. That the Respondents are directed to show cause, within 20 days from the date of this Order, why relief should not be granted:

a. By making a Return in writing;

b. By filing with the Court a reasoned memorandum of law and fact fully stating the Respondent's legal position, and views on the need for this Court to conduct an evidentiary hearing on the merits of the Petition given the requirements of the applicable statutes and the pertinent United States Supreme Court authorities.

4. That, absent compliance with this Order within the 20-day period, the Court will entertain a motion to grant relief to the Petitioner forthwith.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE