UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

William Richard Iverson,

Petitioner,

vs. ORDER

Warden Dingle, State of Minnesota,

Respondents. Civ. No. 02-340 (DSD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 26th day of July, 2002.

* * *

On July 16, 2002, the Court received a letter from Petitioner's appointed Counsel, seeking permission to withdraw from her representation of the Petitioner, in this Habeas proceeding, because she has no basis upon which to oppose the Government's memorandum in opposition to the grant of Habeas relief. In order to properly frame counsel's withdrawal request, some history is needed.

This action was commenced on February 4, 2002, when the Petitioner filed a Petition for a Writ of Habeas Corpus, in which he claimed that he was being illegally detained by the Respondents for reasons which are violative of his rights under the Constitution, laws, or Treaties, of the United States. In conjunction with his

(19)

FILED JUL 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Petition, an application to proceed in forma pauperis was also filed, and we granted that application, by Order dated February 26, 2002. See, Docket No. 6. At that time, and again on March 14, 2002, we requested the Respondent to provide us with information concerning the Petitioner's mental state, as he was requesting an appointment of counsel, and we had serious concerns about his ability to advocate his claims in this Court. See, Docket Nos. 6 and 9. Upon our review of the documentation forwarded by the Respondent, we concluded that the interests of justice required an appointment of counsel. Having also found that the Petitioner was financially unable to retain counsel, we directed the Federal Defender's Office to appoint a member of the Federal Defender's Panel to represent the Petitioner in this matter.

Thereafter, the Federal Defender's Office appointed Katherine M. Menendez to represent the Petitioner. On June 19, 2002, we received a letter from Ms. Menendez, which advised us of the progress of her representation of the Petitioner. Ms. Menendez recognized that the Court had set a deadline of June 14, 2002, for the filing of a memorandum on the Petitioner's behalf, and she explained that she had been unable to meet that deadline, in great part, because of difficulty in arranging a meeting with the incarcerated Petitioner. Ms. Menendez asked that she be provided with an additional three weeks, in which to file a memorandum supporting the Peti-

tioner's request for Habeas relief because, after having conferred with the Petitioner, she felt "that it [was] necessary to look into several aspects of his case more deeply prior to submitting a memorandum." June 19 Letter to the Court, at 1. She related that "the opportunity to gather additional information [would] likely make [her] better able to clarify the issues in the habeas petition, issues which ha[d] been raised in a somewhat confusing manner by [the Petitioner] himself." Id. at 2. Noting that no objection had been interposed by the Respondents, we granted Ms. Menendez's request for an extension, by Order dated June 19, 2002, in which we afforded the Petitioner until "July 10, 2002, to submit a memorandum in support of his Petition for Habeas Corpus through his appointed counsel." Docket No. 17.

On July 16, 2002, the Court received a second letter from Ms. Menendez in which she stated, in part, as follows:

> I have interviewed [the Petitioner], spoken with his prior counsel, reviewed the file and previous judicial opinions in his case, and done additional research and investigation. At this point, I do not believe that I have any information to add to the record that is already before the Court. I have also reviewed the government's opposition memorandum to [the Petitioner's] petition, and at this point have no bases on which to respond to that memorandum.

June 16, 2002 Letter to the Court.

Ms. Menendez further advised that, in a separate writing, she informed the Petitioner that, unless ordered by the Court to do so, she would not be filing any additional materials on his behalf.

The purpose of our appointment of counsel was to allow an advocate, on the Petitioner's behalf, to reduce his request for Habeas relief, into an intelligible form. We concluded that the interests of justice would not be served unless the Petitioner's grievance against the Respondents were communicated to the Court in an understandable fashion, as we were wholly unable to ascertain his need for relief as related in his original Petition. When Ms. Menendez reported, that she had conferred with the Petitioner, had investigated complaints, and was in a position to assist the Petitioner -- and indirectly assist the Court in appreciating the Petitioner's constitutional concerns -- we were amenable to affording the Petitioner additional time so as to present us with a cogent memorandum addressing the Petitioner's claimed deprivation of constitutional rights. This expectation was fostered by Ms. Menendez's representation that she needed an "opportunity to gather additional information [which would] likely make [her] better able to clarify the issues in the habeas petition." Instead, after the revised deadline expired, Ms. Menendez requests the opportunity to withdraw.

We mean no criticism of Ms. Menendez, for we acknowledge our own past difficulty in deciphering the Petitioner's attempt to communicate his grievance to the Court. Nor do we overlook the potential that, consistent with her duty of candor to the Court, Ms. Menendez has been unable to identify anything other than frivolous arguments upon which to advance the Petitioner's interests. Nevertheless, her request for withdrawal leaves us in an unavoidable quandary, which was recognized, by the United States Supreme Court, some years ago in Anders v. California, 386 U.S. 738, 742 (1967). There, appointed counsel for the defendant transmitted a letter to the Court, which stated as follows:

> I will not file a brief on appeal as I am of the opinion that there is no merit to the appeal. I have visited and communicated with Mr. Anders and have explained my views and opinions to him * * *. [H]e wishes to file a brief in this matter on his own behalf.

The Court found that counsel's letter did "not comport with fair procedure and lack[ed] that equality that is required by the Fourteenth Amendment." Id. at 741. In order to rectify that injustice, the Court prescribed the following procedure:

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assis-

> tance to his client and to the court. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court -- not counsel -- then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

Id. at 744.

We find the reasoning in Anders apposite here. Were we to grant Ms. Menendez's request to withdraw, without adherence to the procedure enunciated in Anders, we would have no means of knowing whether the Petitioner has any non-frivolous grounds for Habeas relief. We have no means of knowing whether Ms. Menendez's inability "to add to the record," or "to respond" to the Government's opposition memorandum, is intended to inform us that the Petitioner's grounds for relief are "wholly frivolous," or whether there are grounds "arguable on their merits." On this Record, if the Petitioner requested another appointment of counsel, then the

previous appointment of Ms. Menendez would have no other effect than in delaying our consideration of the Petitioner's request for relief.

Accordingly, we direct Ms. Menendez to file a writing with this Court that complies with the holding in Anders, in order that we may responsibly consider her request for withdrawal. Further we direct that the written submission be filed with the Court **by no later than August 9, 2002.**

NOW THEREFORE, It is

ORDERED:

1. That the informal Motion of Petitioner's counsel to withdraw from representation is DEFERRED.

2. That Petitioner's counsel shall file a writing with the Court, in compliance with Anders v. California, 386 U.S. 738, 744 (1967), **by no later than August 9, 2002.**

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE