UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 02-340-(DSD/RLE)

William Richard Iverson,

Petitioner,

v. **ORDER**

Lynn Dingle, Warden,

Respondent.

This matter is before the court upon petitioner's application for a Certificate of Appealability ("COA"). For the following reasons, petitioner's application is denied.

**BACKGROUND**

Petitioner was sentenced to 200 months imprisonment after pleading guilty to first degree assault and first degree battery in the State of Minnesota. He is presently serving that sentence at the Minnesota Correctional Facility at Oak Park Heights, Minnesota. On February 4, 2002, petitioner filed a motion seeking habeas corpus relief under 28 U.S.C. § 2254 [Doc. No. 1], which is the subject of the instant appeal and application for a COA. Petitioner's § 2254 motion argued that a combination of mental illness and head injuries allegedly caused by law enforcement officers during his arrest led to an erroneous determination of competency to stand trial. By order dated February 28, 2003 [Doc.

APR 2 1 2003
FILED ______________
Richard D. Sletten, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ____

No. 22], the court adopted the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson and summarily dismissed petitioner's § 2254 motion. On March 20, 2003, petitioner filed a notice of appeal and an application for COA.

**DISCUSSION**

A state prisoner is not permitted to appeal a final order denying a motion brought under 28 U.S.C. § 2254 without first securing a COA. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). To receive a COA, the prisoner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

The substantial showing requirement under § 2253 is a more stringent standard than the good faith and non-frivolous standard applied to applications to proceed in forma pauperis. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S.

430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

Petitioner's § 2254 motion was denied as untimely, because the court found it was filed beyond the one year statute of limitations set forth in 28 U.S.C. § 2244(d). In most cases, the statutory period starts to run when the state conviction becomes final on direct appeal and the time period for filing a writ of certiorari has expired. See id.; see also Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). Applying that standard, the court found that petitioner's conviction became final on April 22, 2000, ninety days after the Minnesota Supreme Court denied review of petitioner's direct appeal. In its calculation of the statutory period, the court took into account the tolling period for "time during which a properly filed application for State post-conviction relief ... is pending." 28 U.S.C. § 2244(d)(2). However, petitioner did not file a state post-conviction motion until May 18, 2001, several weeks after the one year limit on federal habeas petitions had run. Therefore, the court summarily dismissed petitioner's claim as time barred.

Petitioner appeals that finding, asserting the statute of limitations was tolled pursuant to 28 U.S.C. § 2244(d)(1)(D).

Petitioner claims that he has only recently come to understand the relationship between the injuries allegedly caused by the arresting officers and his pre-existing mental condition and the impact those circumstances had on his competence to stand trial, enter a plea or assist in his defense. After careful consideration, the court finds that petitioner's assertion does not raise an issue that is "debatable among reasonable jurists" or otherwise deserving of further proceedings. Flieger, 16 F.3d at 883.

Petitioner asserts that the statutory period was tolled in this case by subsection (D) of the statute, which states "[t]he limitation period shall run from the latest of ... (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Thus, he contends that the statutory limit was tolled until became aware of a possible relationship between his mental condition and alleged injuries and the impact they may have had on his competence at the time of his pleading.

As the magistrate judge correctly discussed, § 2244(d)(1)(D) does not toll the statute merely because a petitioner is subjectively unaware of a tenable legal theory. The statute only protects prisoners who are objectively unaware of the factual predicate of a cognizable habeas claim. [See Report and Recommendation at 12.] Here, petitioner became aware of all the facts underlying his habeas petition no later than 1999, well

before the statutory period began to run.[1] Therefore, the tolling provisions of 28 U.S.C. § 2244(d)(1)(D) do not apply. See generally Neuendorf v. Graves, 110 F. Supp.2d 1144, 1154 (N.D. Iowa 2000) (reiterating that the petitioner must show that he could not, with due diligence, have discovered the predicate facts within the statutory period).

**CONCLUSION**

For the foregoing reasons, the court concludes that petitioner has not made "a substantial showing of the denial of a constitutional right" with respect to the claims presented in his § 2254 motion. Therefore, **IT IS HEREBY ORDERED** that petitioner's application for a Certificate of Appealability [Doc. No. 24], is denied.

Dated: April 21, 2003

David S. Doty, Judge
United States District Court

[1] The court notes that petitioner challenged his competency prior to entering his guilty plea. The court ordered a competency evaluation pursuant to Rule 20 of the Minnesota Rules of Criminal Procedure and found petitioner competent to enter a plea. See Iverson v. State of Minnesota, No. CX-01-1137, slip op. at 2 (Minn. Ct. App. Nov. 13, 2001).